## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>AVI SCHWALB,<br>SSN:  xxx-xx-0747,<br><br><br>　　　　Debtor. | Case No. 25-12666-JGR<br>Chapter 7 |
| FANNIE MAE,<br><br>　　　　Plaintiff,<br>v.<br><br>AVI SCHWALB,<br><br>　　　　Defendant. | Adv. Pro. No. 26-01033-JGR |

## ORDER DENYING MOTION TO DISMISS COMPLAINT

THIS MATTER is before the Court on Defendant Avi Schwalb's Motion to Dismiss Complaint filed by Avi Schwalb ("Defendant") on March 13, 2026 (Doc. 8) and the Response filed by Fannie Mae ("Plaintiff") on March 27, 2026 (Doc. 9).  No reply to the response has been filed by Defendant.

## INTRODUCTION

When evaluating a motion to dismiss, a court may properly consider exhibits attached to the complaint, all materials referenced in the complaint, and materials subject to judicial notice. *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008). The court may also consider documents not attached to the complaint or incorporated by reference, but that are "integral to the complaint." *Official Comm. of Unsecured Creditors v. Bay Harbour Master Ltd. (In re BH S&B Holdings LLC)*, 420 B.R. 112, 132 (Bankr. S.D.N.Y. 2009). *See also Tal v. Hogan*, 453 F.3d 1244, 1264-65 n.24 (10th Cir. 2006) ("facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment"); *St. Louis Baptist Temple v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Defendant filed a Chapter 11 bankruptcy case in this District on May 2, 2025, Case No. 26-12666-JGR (the "Bankruptcy Case").  On the filing date, Defendant was embroiled in significant criminal and civil litigation.  The Bankruptcy Case was filed on the eve of a state court civil jury trial.

On March 20, 2025, a Statewide Grand Jury Superseding Indictment was filed in the Denver District Court, Case No. 2025CR15038.  Defendant was indicted on 47 counts of 51 counts including violations of the Colorado Organized Crime Control Act and theft for perpetrating a fraudulent home remodeling scheme in which the Defendant and others received customer deposits for home remodeling, failed to complete work, left homes uninhabitable, and misused the deposits for personal gain.

The Defendant was also faced with approximately twenty lawsuits and foreclosure actions from either homeowners who were pursuing tort and contract claims or lenders to the rental properties who claimed the Defendant collected rents from such properties and failed to pay the mortgages.

The Chapter 11 reorganization case was converted to a Chapter 7 liquidation case on October 30, 2025, over the Defendant's objection.

The Defendant appealed the conversion order to the United States District Court for the District of Colorado (25-CV-3624).  He sought a stay pending appeal from this Court, which was denied on December 2, 2025 (Bankruptcy Case Dkt. 326).  The United States District Court for the District of Colorado also denied the Defendant's motion for a stay pending appeal.  The appeal is pending and has been fully briefed.

After a nearly three-week long trial, on or about February 20, 2026, Defendant was found guilty on all 47 counts asserted in the criminal indictment.

## THE DISCHARGEABILITY ADVERSARY PROCEEDINGS

Eight separate adversary proceedings have been filed against the Defendant seeking determinations of non-dischargeability under various provisions of 11 U.S.C. § 523(a):

Case No. 26-01024-JGR    *Kevin Collins and Noelle Collins v. Avi Schwalb*
Case No. 26-01030-JGR    *Jill Bubenik and Brandon Bubenik v. Avi Schwalb*
Case No. 26-01031-JGR    *Uzi Berger v. Avi Schwalb*
Case No. 26-01032-JGR    *Jeffrey Swanson v. Avi Schwalb*
Case No. 26-01033-JGR    *Fannie Mae v. Avi Schwalb*
Case No. 26-01034-JGR    *David Amster-Olszewski and Kirby Jones v. Avi Schwalb*
Case No. 26-01075-JGR    *Brianna Tanner and Douglas Tanner v. Avi Schwalb*
Case No. 26-01103-JGR    *Karen Davidson and Benjamin Davidson v. Avi Schwalb*

With the exception of Case No. 26-01103-JGR, which was filed on April 17, 2026, and was not served until April 21, 2026, Defendant has moved to dismiss each of the

2

adversaries under Fed.R.Civ.P. 12(b)(6) as incorporated by Fed.R.Bankr.P. 7012 for failure to state a claim.

## LEGAL STANDARD

To survive a motion to dismiss under Fed R. Civ. P. 12(b)(6) (as incorporated by Fed.R.Bankr.P. 7012), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. *Morse v. Regents of the Univ. of Colo.,* 154 F.3d 1124, 1126–27 (10th Cir. 1998). However, the Court need not accept legal conclusions as true. *Khalik v. United Air Lines,* 671 F.3d 1188, 1190 (10th Cir. 2012). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* at 1191. The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008).

A claim is considered "plausible" when the complaint contains facts which allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Plausible" does not mean "probable," although the plaintiff must show that its entitlement to relief is more than speculative. *Id.*; *Twombly*, 550 U.S. at 555. "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted). However, "Specific facts are not necessary; the [complaint] need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly,* 550 U.S. at 544). Still, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Tenth Circuit has stated:

> As we have emphasized, "[g]ranting [a] motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1276 (10th Cir. 2023) (quoting *Dias v. City & Cnty. Of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)) (second alteration in original). We impose a "low bar for surviving a motion to dismiss," *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020), and "a well-pleaded complaint may proceed even if it strikes a savvy

3

judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely," *Id.* (quoting *Dias*, 567 F.3d at 1178).

*Brown v. City of Tulsa*, 124 F.4th 1251, 1264 (10th Cir. 2025).

## THE MOTION TO DISMISS

Plaintiff's Complaint raises the following claims for relief:

First Claim for Relief: Exception to Discharge – False Pretenses, False Representations, and/or Actual Fraud (11 U.S.C. § 523(a)(2)(A)); Second Claim for Relief: Exception to Discharge – Embezzlement (11 U.S.C. § 523(a)(4)); Third Claim for Relief: Exception to Discharge – Willful and Malicious Injury (11 U.S.C. § 523(a)(6)).

Defendant's Motion argues the Complaint should be dismissed for failure to state a plausible claim for relief.

Defendant is acting as a pro se litigant and the Court has liberally construed and held the Defendant to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520-521, 30 L. Ed. 652, 92 S. Ct. 594 (1972).

The Motion and Replies appear to be ghostwritten in violation of the spirit, if not the letter, of L.B.R. 9010-1(c)(3).  The Motion uses "the right words" incorporating the legal standards for motions to dismiss under Fed.R.Civ.P. 12(b), but fails to accurately apply the law to the factual allegations set forth in the Complaint.

The Rule 12(b)(6) inquiry is not an evidentiary inquiry.  The Court does not weigh evidence, resolve factual disputes, decide credibility, or determine whether the plaintiff will ultimately prevail.  The question is whether the complaint, viewed through the Rule 12(b)(6) lens, is legally sufficient to proceed.  A complaint may survive dismissal even if proof of the alleged facts appears improbable, so long as the well-pleaded allegations raise the right to relief above the speculative level.

### FIRST CLAIM FOR RELIEF: EXCEPTION TO DISCHARGE
### FALSE PRETENSES, FALSE REPRESENTATIONS,
### AND/OR ACTUAL FRAUD (11 U.S.C. § 523(a)(2)(A))

Section 523(a)(2)(A) provides, in pertinent part, that a Chapter 7 debtor is not discharged from any debt for money or an extension of credit to the extent that such debt was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

Under 11 U.S.C. § 523(a)(2)(A), a debt obtained by false pretenses or a false representation is not dischargeable when a creditor proves:

(1) the debtor made a false representation; (2) with the intent to deceive the creditor; (3) the creditor relied on the false representation; (4) the creditor's reliance was justifiable; and

4

(5) the false representation resulted in damages to the creditor.

*In re Denbleyker*, 251 B.R. 891, 895 (Bankr. D. Colo. 2000) (citing *Field v. Mans*, 516 U.S. 59, 71 (1995)); *Fowler Brothers v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996).

"The term 'actual fraud' … encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1586 (2016).

The Tenth Circuit Bankruptcy Appellate Panel stated that "[w]hen a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right, that debtor has engaged in actual fraud and is not entitled to the fresh start provided by the Bankruptcy Code." *In re Vickery*, 488 B.R. 680, 690 (10th Cir. BAP (Colo.) 2013) (quoting *In re Vitanovich*, 259 B.R. 873, 877 (6th Cir. BAP 2001)).

Actual fraud is not limited to misrepresentations or misleading omissions. *Vickery*, 488 B.R. at 691 (citing *McClellan v. Cantrell,* 217 F.3d 890, 893 (7th Cir. 2000)). In order to except a debt based on actual fraud, the creditor must prove: (1) a fraud occurred; (2) the debtor intended to defraud; and (3) the fraud created the debt that is the subject of the dispute. *In re Jensen*, No. AP 17-01078, 2019 WL 2403105, at *8 n.63 (10th Cir. BAP (Colo.) June 7, 2019) (quoting *In re Glenn*, 502 B.R. 516, 531 (Bankr. N.D. Ill. 2013), *aff'd sub nom. Sullivan v. Glenn*, 526 B.R. 731 (N.D. Ill. 2014), *aff'd,* 782 F.3d 378 (7th Cir. 2015)). The plaintiff need not establish reliance, because "reliance is relevant only when the fraud takes the form of a misrepresentation." *Vickery*, 488 B.R. at 690 (internal quotation marks and citation omitted).

Fed.R.Civ.P. 9(b), as incorporated by Fed.R.Bankr.P. 7009, states "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." At a minimum, Rule 9(b) requires that a plaintiff set forth the "who, what, when, where and how" of an alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof. *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006). Rule 9(b) requires only the identification of the circumstances constituting fraud, and that it does not require any particularity in connection with an averment of intent, knowledge or condition of mind. *Schwartz v. Celestial Seasonings*, 124 F.3d 1246, 1252 (10th Cir. 1997).

Plaintiff's Complaint alleges that 1392 Jamaica Bldg LLC ("Borrower") obtained a loan from a predecessor lender in the original principal amount of $1,521,000.00. The loan was secured by a Multifamily Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing on real property is commonly known as 1392 Jamaica St, Aurora, CO 80010. Paragraph 20 of Plaintiff's Complaint alleges Borrower is wholly owned by Sean Schwalb, the son and business partner of Defendant.

5

After the loan went into default, Plaintiff initiated a foreclosure action, which was resolved pursuant to a Restatement Agreement. Paragraphs 36-42 of the Complaint allege, with specificity incorporating factual allegations in paragraphs 14-16 and 19-20, the false representations of the Borrower with respect to intent to comply with the relevant loan documents and the Defendant's willful participation in the false representations; when the false representations were made; when the transfer of the collateral was made; how the representations were false; the Plaintiff's reliance on the representations; and the Defendant's participation in the scheme to defraud.

Paragraphs 33-34 of the Complaint allege the Borrower and Defendant transferred the collateral with the actual intent to hinder, delay, or defraud Plaintiff extending personal liability under the Colorado Voidable Transactions Act, formerly known as the Colorado Uniform Fraudulent Transfers Act, Colo. Rev. Stat. § 38-8-101 *et seq.*

When taken as true, the well-pleaded allegations in Plaintiff's Complaint state a plausible claim for false pretenses, false representation, or actual fraud under 11 U.S.C. § 523(a)(2)(A).

**SECOND CLAIM FOR RELIEF: EXCEPTION TO DISCHARGE
EMBEZZLEMENT (11 U.S.C. § 523(a)(4))**

11 U.S.C. § 523(a)(4) provides that a Chapter 7 debtor is not discharged for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Plaintiffs have not alleged Defendant engaged in fraud/defalcation while acting in a fiduciary capacity, so the analysis turns to embezzlement or larceny.

The elements of larceny and embezzlement are similar, distinguished by how the property was obtained, lawfully or unlawfully. "The difference between these two types of misconduct is that, with embezzlement, the debtor initially acquires the property lawfully whereas, with larceny, the property is unlawfully obtained." *Kim v. Sun (In re Sun)*, 535 B.R. 358, 367 (BAP 10th Cir. 2015).

"Embezzlement is 'the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come.' Larceny is 'the fraudulent and wrongful taking and carrying away of the property of another with intent to convert the property to the taker's use without the consent of the owner.'" *Id.* (internal citations omitted).

The elements of embezzlement are: "1. Entrustment (property lawfully obtained originally); 2. Of property; 3. Of another; 4. That is misappropriated (used or consumed for a purpose other than that for which it was entrusted); 5. With fraudulent intent." *Bombardier Capital, Inc. v. Tinkler (In re Tinkler)*, 311 B.R. 869, 876 (Bankr. D. Colo. 2004).

Larceny involves the taking of property without the owner's consent. It is the felonious stealing, taking and carrying, leading, riding, or driving away another's personal property, with intent to convert it or to deprive the owner thereof. *United States v. Smith*, 156 F.3d 1046, 1056 (10th Cir. 1998).

6

Embezzlement and larceny both require a showing of animus furandi (intent to permanently deprive).  In the absence of direct evidence, intent can be inferred from the surrounding circumstances.  *Chenaille v. Palilla (In re Palilla)*, 493 B.R. 248, 252 (Bankr.D.Colo. 2013).

Paragraphs 46-48 of the Plaintiff's Complaint allege the Borrower obtained continued possession of the collateral through the Reinstatement Agreement but then transferred the property to Defendant, without notice, in furtherance of the scheme to permanently deprive Plaintiff of its right in the property by misappropriating and converting the mortgage property for Defendant's own use and benefit with fraudulent intent.

Plaintiff's Complaint states a plausible claim for relief for embezzlement under 11 U.S.C. § 523(a)(4).

### THIRD CLAIM FOR RELIEF: EXCEPTION TO DISCHARGE
### WILLFUL AND MALICIOUS INJURY (11 U.S.C. § 523(a)(6))

11 U.S.C. § 523(a)(6) provides that a Chapter 7 debtor is not discharged for willful and malicious injury by the debtor to another entity or the property of another entity.  The creditor must establish that the conduct of the debtor was "willful and malicious" and caused an injury to an entity or the property of an entity.

Non-dischargeability under 11 U.S.C. § 523(a)(6) requires both a "willful injury" and a "malicious injury." *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004) ("Without proof of *both*, an objection to discharge under that section must fail.").  The United States Supreme Court has held that the term "willful" requires proof of a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury. *Kawaauhua v. Geiger*, 523 U.S. 57, 61 (1998).

"[T]he (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences* of an act," not simply "the act itself."  *Id.* at 61-62.

The Tenth Circuit has held that "the term 'malicious' requires proof 'that the debtor either intend[ed] the resulting injury or intentionally [took] action that [was] substantially certain to cause injury.'" *Moore*, 357 F.3d at 1129 (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)).  The Tenth Circuit Bankruptcy Appellate Panel determined the definition of "malicious" in *Moore* was *dicta* and applied a different standard to determine whether there is a malicious injury. *First Am. Title Ins. Co. v. Smith (In re Smith)*, 618 B.R. 901, 918 (BAP 10th Cir. 2020).  The totality of the circumstances must be examined to determine whether the act was performed without justification or excuse.  The act must be wrongful. *Id*. at 919-20.

Paragraphs 52-53 of the Plaintiff's Complaint allege Borrower and Defendant acted in concert to misappropriate and convert Plaintiff's collateral with the actual intent to cause harm to Plaintiff by permanently depriving the Plaintiff of possession of the collateral.

7

Plaintiff's Complaint states a plausible claim for relief for willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6).

## CONCLUSION

For the reasons stated above, it is

ORDERED that Defendant's Motion to Dismiss Adversary Proceeding (Doc. 8) is DENIED.  It is

FURTHER ORDERED that Defendant shall file an answer or other responsive pleading on or before **June 16, 2026.**

Dated this __2nd__ day of ___June___, 2026.

BY THE COURT:

_____
Joseph G. Rosania, Jr.
United States Bankruptcy Judge

8